IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SULLO & BOBBITT, PLLC, et al., | § |
| | § |
| Plaintiffs, | § |
| | § Civil Action No. 3:11-CV-1926-D |
| VS. | § |
| | § |
| GREG ABBOTT, ATTORNEY GENERAL OF TEXAS, et al., | § |
| | § |
| Defendants. | § |

MEMORANDUM OPINION
AND ORDER

In *Sullo & Bobbitt, PLLC v. Abbott*, 2013 WL 1949835 (N.D. Tex. May 13, 2013) (Fitzwater, C.J.) ("*Sullo & Bobbitt II*"), the court granted two defendants' motions to dismiss under Fed. R. Civ. P. 12(b)(6), but also granted plaintiffs leave to amend. Thereafter, the remaining two defendants filed motions for summary judgment. Plaintiffs have advised the court that they do not intend to amend their complaint or to respond to the summary judgment motions. For the reasons explained, the court grants two defendants' motions to dismiss, grants one defendant's motion for summary judgment, and grants in part the remaining defendant's summary judgment motion, raising *sua sponte* that the remaining defendant is entitled to summary judgment on a claim not addressed in the motion, and granting plaintiffs leave to respond as to that claim.

I

In *Sullo & Bobbitt II* the court granted the motions to dismiss under Rule 12(b)(6) of defendants Gloria Lopéz-Carter ("Lopéz"), in her official capacity as Director of the City of

Dallas Municipal Court, and Thomas G. Jones ("Justice Jones"), in his official capacity as Justice of the Peace, Precinct 1-1 of Dallas County, Texas. *See Sullo & Bobbitt II*, 2013 WL 1949835, at *7. The court also gave plaintiffs leave to file an amended complaint. *See id.* Thereafter, plaintiffs filed a response notifying the court that they declined to amend and stating that they were "unable at this time to meet the standard for repleading imposed by the Court." Ps. Resp. 2-4.

Accordingly, for the reasons stated in *Sullo & Bobbitt II*, and in the absence of an amended complaint, the court grants Lopéz's September 5, 2012 motion to dismiss and Justice Jones's August 22, 2012 motion to dismiss, and dismisses this action with prejudice as to them by judgment filed today.[1]

II

The two remaining defendants—Stewart Milner ("Judge Milner"), in his official capacity as the Chief Municipal Judge of the City of Arlington, Texas, and Ninfa L. Mares ("Judge Mares"), in her official capacity as Chief Municipal Judge of the City of Fort Worth,

---

[1] Lopéz has filed motions for leave to cite supplemental authority under N.D. Tex. Civ. R. 56.7, and to modify *Sullo & Bobbitt II*. Her motions seek to introduce additional authority to bolster her contention that the federal Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. §§ 2721-2725, prohibits courts from disclosing the information that plaintiffs request. Lopéz raised this argument in her motion to dismiss, but the court did not reach it in granting the motion. Because the court held that plaintiffs' allegations were inadequate to state a claim for relief based on the asserted federal common law right or constitutional right of access to the information sought, *see Sullo & Bobbitt II*, 2013 WL 1949835, at *2, 4-5, it was unnecessary for the court to decide whether the DPPA applies to the information at issue or what effect it has on plaintiffs' claims. Accordingly, the court grants Lopéz's motions for leave to cite supplemental authority, but it declines to modify *Sullo & Bobbitt II*.

Texas—filed motions for summary judgment before the court filed *Sullo & Bobbitt II*. Plaintiffs have advised the court that *Sullo & Bobbitt II* is dispositive of their claims against Judges Milner and Mares and that they will not formally respond to the motions for summary judgment, although they oppose them. Because the time for plaintiffs to respond has elapsed, the motions are ripe for decision.

A

Because Judges Mares and Milner will not have the burden of proof at trial on plaintiffs' claims, they can meet their summary judgment obligation by pointing the court to the absence of evidence to support the claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once Judges Mares and Milner do so, plaintiffs must go beyond their pleadings and designate specific facts showing that there is a genuine issue for trial. *See Celotex*, 477 U.S. at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict in plaintiffs' favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Failure to produce proof as to any essential element renders all other facts immaterial. *See Trugreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory if plaintiffs fail to meet this burden. *Little*, 37 F.3d at 1076.

B

Plaintiffs rely on two grounds for their asserted right of access: a federal common law right and a First Amendment right.

1

Regarding the First Amendment ground, both Judges move for summary judgment on the basis, *inter alia*,[2] that, as a matter of law, plaintiffs' cannot satisfy the "experience" prong of the "experience" and "logic" test. *See Sullo & Bobbitt II*, 2013 WL 1949835, at *4 (citing *Press-Enter. Co. v. Superior Court*, 478 U.S. 1, 8 (1986) (stating test for First Amendment right of access to court records)). The "experience" prong "examines whether the court record has historically been open to the press and general public." *Id.* In *Sullo & Bobbitt II* the court held that, "[b]ecause plaintiffs assert a constitutional right under the *United States* Constitution, they must make allegations or raise arguments that are sufficient to support a reasonable inference that courts throughout the United States have historically released citations or citation information to the public." *Id.* Because plaintiffs alleged only that *Texas* courts had historically given public access, the court dismissed their First Amendment ground for a right of access. *Id.* at *4-5.

As noted, plaintiffs have failed to respond to the motions for summary judgment of Judges Mares and Milner. Their failure to respond does not, of course, permit the court to

---

[2]Judges Mares and Milner also move for summary judgment on the second prong of the "experience" and "logic" test, which requires plaintiffs to demonstrate that "public access plays a significant positive role in the functioning of the proceeding in question." *Sullo & Bobbitt, PLLC v. Abbott*, 2012 WL 2796794, at *11, 15 (N.D. Tex. July 10, 2012) (Fitzwater, C.J.) (stating test for First Amendment right of access to court records), *aff'd on other grounds*, ___ Fed. Appx. ___, 2013 WL 3783751 (5th Cir. July 22, 2013). And Judge Mares maintains that plaintiffs have failed to adduce any evidence that the current access policy acts with deliberate indifference to plaintiffs' asserted First Amendment right, which is required to establish municipal liability. *See id.* at *17.

enter a "default" summary judgment. Plaintiffs' failure to respond does mean, however, that they have not designated specific facts showing that there is a genuine issue for trial, or raised arguments beyond what the court in *Sullo & Bobbitt II* found insufficient to satisfy the "experience" prong. Plaintiffs recognize in their response that *Sullo & Bobbitt II* "will be dispositive of the claims against [Judges] Mares and Milner." Ps. Resp. 3-4. Because plaintiffs have neither shown that there is a genuine issue of fact for trial on the "experience" prong, nor by argument have demonstrated that the prong is satisfied here, the court holds that Judges Mares and Milner are entitled to summary judgment concerning the First Amendment ground.

2

As for plaintiffs' asserted federal common law right of access, only Judge Milner moves for summary judgment. He maintains that the Arlington Municipal Court's failure to offer more prompt access to the requested information is not an abuse of discretion. This common law right of access, where it applies, is not absolute, and "'the decision as to access is one left to the sound discretion of the trial court.'" *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir.1993) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)) (alteration omitted). Because plaintiffs' failure to respond means that they have not designated specific facts showing that there is a genuine issue for trial regarding whether the Arlington Municipal Court's policy or custom is an abuse of discretion, Judge Milner is entitled to summary judgment on this claim.

3

The court raises *sua sponte* that Judge Mares is also entitled to summary judgment on plaintiffs' asserted federal common law right of access, because, as the court held in *Sullo & Bobbitt II*, the federal common law right does not extend to state court records.[3] *See Sullo & Bobbitt II*, 2013 WL 1949835, at *2.[4] Because the court is raising *sua sponte* that Judge Mares is entitled to summary judgment on this claim, it grants plaintiffs leave to file an opposition response, brief, and appendix within 21 days of the date this memorandum opinion and order is filed. They must demonstrate why the court should not grant summary judgment on their asserted federal common law right of access to state court records. The court will evaluate plaintiffs' papers before deciding whether to invite Judge Mares to file a reply brief.

\* \* \*

For the reasons explained, the court grants Lopéz's September 5, 2012 motion to dismiss and Justice Jones's August 22, 2012 motion to dismiss, and grants Judge Milner's

---

[3]This ground for summary judgment likewise applies to plaintiffs' claim against Judge Milner, but the court need not raise it *sua sponte* as to him because he is already entitled to summary judgment on the ground he raises.

[4]"It is error to grant summary judgment on a ground not raised." *Jacobs v. Tapscott*, 2006 WL 2728827, at *7 (N.D. Tex. Sept. 25, 2006) (Fitzwater, J.) (citing *John Deere Co. v. Am. Nat'l Bank, Stafford*, 809 F.2d 1190, 1192 (5th Cir. 1987)). The court must therefore raise this ground *sua sponte*, which it can do, provided it affords plaintiffs notice and a fair opportunity to respond. *See, e.g., Jackson v. Fed. Express Corp.*, 2006 WL 680471, at *9 (N.D. Tex. Mar. 14, 2006) (Fitzwater, J.) (citing *Arkwright-Boston Mfrs. Mut. Ins. Co. v. Aries Marine Corp.*, 932 F.2d 442, 445 (5th Cir. 1991)).

May 6, 2013 motion for summary judgment. It grants Judge Mares' motion for summary judgment on plaintiffs' First Amendment claim, and raises *sua sponte* that she is entitled to summary judgment on plaintiffs' federal common law claim. Accordingly, the court dismisses this action as to Lopéz, Justice Jones, and Judge Milner by judgment filed today, and awaits a responsive brief or notice of no response as to plaintiffs' federal common law claim against Judge Mares.

**SO ORDERED**.

July 25, 2013.

                                      SIDNEY A. FITZWATER
                                      CHIEF JUDGE